IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3090-FL

| | |
|---|---|
| ARNETT THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DOCTOR HERBEL,[1] DR. LUCKING, ) | |
| DR. NOGO ) | |
| ) | |
| Defendants. ) | |

The matter now comes before the court on defendants' second motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 26) and motion for a protective order (DE 28). Plaintiff responded to defendants' motion to dismiss, but did not respond to the motion for a protective order. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendants' motion for a protective order and denies defendants' motion to dismiss.

**STATEMENT OF THE CASE**

For ease of reference, the statement of the case as set forth in this court's May 27, 2016, order is as follows:

> On April 13, 2015, plaintiff, a civil committee, filed this civil rights action *pro se* pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). In his complaint, plaintiff alleges that defendant Dr. Bryon Herb[e]l ("Herb[e]l"), his treating psychiatrist at the Federal Medical Center

---

[1] The court's docket is amended to reflect that the correct spelling for the party plaintiff identified as Dr. Herbal, is Dr. Herbel.

> in Butner, North Carolina violated his rights pursuant to the Eighth Amendment to the United States Constitution when Herb[e]l prescribed plaintiff a medication which caused him to suffer gynecomastia.
>
> On December 14, 2015, defendant Herb[e]l filed a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56. Herb[e]l argued that plaintiff's action should be dismissed because plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. 1997e(a) prior to filing this action. In the alternative, defendant Herb[e]l argued that plaintiff is unable to establish a constitutional violation. Plaintiff did not respond to Herb[e]l's motion. However, plaintiff filed a motion to amend his complaint on December 18, 2015. Herb[e]l did not respond to plaintiff's motion to amend.

(DE 22).

On May 27, 2016, the court denied defendant Herbel's motion to dismiss as to the exhaustion issue. The court additionally granted plaintiff's motion to amend, and denied as moot the remainder of defendant Herbel's motion to dismiss. The court directed the clerk to add Drs. Lucking and Nogo as defendants in this action.

On June 21, 2016, defendants filed a second motion to dismiss arguing that plaintiff failed to state a claim upon which relief may be granted. Defendants also filed a motion for a protective order and requested that the court stay discovery pending the resolution of their motion to dismiss. In response, plaintiff filed an unsigned pleading. United States Magistrate Judge Robert B. Jones, Jr. subsequently issued a notice of deficiency notifying plaintiff that his response was not signed, and directed plaintiff to correct the noted deficiency within 21 days. Plaintiff failed to correct the noted deficiency. The court, however, accepts plaintiff's response, despite the fact that it is unsigned. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (internal quotation and citation omitted).

2

## STATEMENT OF FACTS

Plaintiff's complaint and amended complaint are not a model of clarity. Plaintiff's pleadings, in their entirety, state as follows:

> I have Gynecomastia I developed large breasts as seen on commercials on Television form a medication called [Risperdal]. I had surgery for it at a hospital in Tucson, AZ where there is records of the surgery at Tucson medical center in 2008 or 2009 and this problem has reoccurred.
>
> I need you or a judge to compel[] the S.I.S. Secret Investigation Service or lieutenant Kearny or lieutenant Miller to have pictures taken of this problem here a federal medical center. I also tried out for the U.S.A. Army in 1993 at Fort Sills Oklahoma. . . . . I am still currently taking this medication.

(Compl. p. 1).

> The original psychiatrist that put me on risperdal was Dr. Lucking and he no longer works here. I have privacy issues in here about being in open population because of having a roommate and being in the showers, and when I take my shirt off. I would like to directly file a lawsuit against Dr. Lucking and Dr. Herbel. The treating Doctor that does referrals for surgery is Dr. Nogo and he says I don't have a problem so I would like to file a lawsuit against him too.

(Am. Compl. (DE 21), p. 1). Plaintiff further states that he has had surgery "in the past for [] gynecomastia." ((DE) 33, p. 1). The problem, however, re-occurred when defendant Lucking ordered that he be forcibly medicated with Risperdal. (Id.) Defendant Herbel then became involved in plaintiff's "case" and refused to take plaintiff off of the drug for several months. (Id.)

## DISCUSSION

A.      Motion for a Protective Order

Defendants request that the court stay discovery pending the resolution of their motion to dismiss raising the affirmative defense of qualified immunity. A district court has the authority pursuant to Federal Rule of Civil Procedure 26(c) to establish limitations on discovery. Lone Star

3

Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995). The court may properly exercise its discretion pursuant to Rule 26(c) to issue a stay of discovery pending resolution of dispositive motions. Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), aff'd, 85 F. App'x 333 (4th Cir. 2004), cert. denied, 543 U.S. 819 (2004).

Where good cause has been shown why discovery should be stayed pending decision on the pending motion to dismiss, in the court's discretion, the motion for a protective order is ALLOWED. After decision on defendants' motion to dismiss, should the case remain, the court will lift the stay, and establish new case deadlines, including for the conduct of discovery and the making of any dispositive motions.

B.   Motion to Dismiss

   1.   Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

4

2. Analysis

Plaintiff raises two separate claims–that defendants acted with deliberate indifference to his serious medical needs and that he was subjected to forced medication. In response, defendants raise the affirmative defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009). The court first determines whether plaintiff alleged a constitutional violation.

A federal civil detainee's challenge to conditions of confinement arises under the Due Process Clause of the Fifth Amendment to the United States Constitution. Hicks v. James, 255 F. App'x 744, 748 (4th Cir. 2007). In determining whether challenged conditions constitute punishment, the legal standard employed for civil detainees under the Due Process Clause is largely the same as that used in analyzing prisoner's claims pursuant to the Eighth Amendment to the United States Constitution. Id. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was *objectively* sufficiently serious"–and the second prong is subjective–the

5

prisoner must show that "subjectively the officials act[ed] with a sufficiently culpable state of mind.'" See Strickler, 989 F.2d at 1379 (internal quotations omitted).

"[F]or prison conditions to rise to the level of unconstitutional punishment, there must be [objective] evidence of a serious medical and emotional deterioration attributable to the challenged condition." Id. at 1380. If a plaintiff satisfies the objective prong of the Eighth Amendment test, the court must consider the second prong of the Eighth Amendment test–whether defendant acted with deliberate indifference to plaintiff's serious medical needs. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

1. Medical Claim

The court begins with the objective prong of the test. The court finds that plaintiff's allegation that he experienced gynecomastia which required surgical intervention states a constitutional claim. See, e.g., Fryman v. Traquina, No. Civ S-07-2636 JAM DAD P., 2011 WL 475872, at *9 (E.D. Cal. Feb. 4, 2011) (finding gynecomastia could constitute a serious medical need when growth continued to increase in size to eight to nine centimeters, and was accompanied by increasing pain resulting in at least one recommendation of surgery). Thus, plaintiff stated facts sufficient to satisfy the objective prong of the test.

The court next turns to the subjective prong of the test–whether defendants acted with deliberate indifference to his serious medical needs. Plaintiff asserts defendants Herbel and Lucking

6

were aware of the fact that plaintiff had experienced the side-effect of gynecomastia in the past after taking the drug Risperdal, but continued to prescribe the drug causing plaintiff to once again experience gynecomastia which required surgery. Plaintiff also alleges that defendant Nogo refused to refer him to a surgeon for treatment of his condition. Liberally construing plaintiff's allegations as this court must, plaintiff's allegations are sufficient to satisfy the subjective prong of the test. See Estelle v. Gamble, 429 U.S. 97, 104–05 (1976) (finding that a prisoner may make a showing of deliberate indifference by alleging that defendants were "intentionally denying or delaying access to medical care."). Based upon the foregoing, plaintiff's allegations are sufficient to state a constitutional claim arising out of his medical care against defendants. Thus, defendants' motion to dismiss is DENIED as to this claim, and the court reserves its consideration of the issue of qualified immunity for a more fully developed record.

2.  Involuntary Medication

Defendants contend that plaintiff failed to state a Fifth Amendment claim for forced medication. Generally, inmates possess a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fifth Amendment to the United States Constitution. See Washington v. Harper, 494 U.S. 210, 221-222 (1990) (citation omitted). Here, plaintiff states that defendant Lucking issued a "forced medication order," which defendant Herbel continued to follow. ((DE 33), p. 1). Liberally construing plaintiff's allegations, plaintiff states a due process claim against defendants Lucking and Herbel on this record. Thus, defendants' motion to dismiss is DENIED, and the court reserves its consideration of the issue of qualified immunity until there is a more fully developed record.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

    (1)    Defendants' motion to dismiss (26) is DENIED;

    (2)    Defendants' motion for a protective order (DE 28) is GRANTED. Because the court has ruled upon defendants' motion to dismiss, the court LIFTS the stay of discovery;

    (3)    The clerk of court is DIRECTED to amend the court's docket to change the court's caption to read Dr. Herbel instead of Dr. Herbal;

    (4)    An initial order will follow;

    (5)    Future motions to dismiss are discouraged.

SO ORDERED, this the 15th day of December, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge